**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**SAVION CARTRELL DANDRE BRINSON,**

**Plaintiff,**

**v.** **Civil Action No.____________________**

**OFFICER E. BETTINGER, OFFICER C. SANTANA, CITY OF HOUSTON, and JOHN DOES 1–10,**

**Defendants.**

**ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiff Savion Cartrell Dandre Brinson ("Plaintiff" or "Brinson") files this Original Complaint and Jury Demand against Defendants Officer E. Bettinger, Officer C. Santana, the City of Houston, and John Does 1–10, and for cause of action would respectfully show as follows:

## I. NATURE OF THE ACTION

1. This is a civil-rights action brought under 42 U.S.C. § 1983 to remedy an unjustified police shooting that occurred in Houston, Texas, on January 12, 2025.

2. Plaintiff was a recent motor-vehicle crash victim. He had just been in a serious collision. His airbags had deployed. He was dazed, disoriented, and surrounded by noise and confusion, including a continuously sounding car alarm.

3. Within seconds of their approach, Defendant officers drew their firearms, issued at most a brief shouted command in a chaotic environment, and opened fire, despite being from a distance that allowed officers time to assess, communicate, and utilize less deadly alternatives.

4. At the time deadly force was used, Plaintiff was not charging officers, not raising a firearm toward officers, not threatening any bystander, and not facing officers in an assaultive posture. Plaintiff was instead moving away from the vehicle and, on information and belief, had his back or side turned when the first shots were fired.

5. Plaintiff did not hear or meaningfully process any command before he was shot. In addition, any purported warning was inadequate under the circumstances because it was delivered in a matter of seconds, amid alarm noise, crash confusion, and Plaintiff's post-collision disorientation.

6. Plaintiff seeks damages for violations of the Fourth and Fourteenth Amendments to the United States Constitution, together with attorneys' fees, costs, and all other relief allowed by law.

7. Plaintiff further alleges that additional facts relevant to liability, qualified immunity, municipal custom, training, supervision, body-camera footage, SIU materials, medical causation, and damages remain in Defendants' exclusive possession or in records not yet received. Plaintiff therefore pleads certain matters on information and belief and expressly reserves the right to amend this Complaint after additional evidence is obtained.

## II. JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States.

9. This Court has authority to award declaratory relief under 28 U.S.C. §§ 2201 and 2202 and attorneys' fees under 42 U.S.C. § 1988.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in Houston, Harris County, Texas, within the Southern District of Texas, Houston Division.

## III. PARTIES

11. Plaintiff Savion Cartrell Dandre Brinson is a natural person and citizen of Texas. He resides in Texas.

12. Defendant Officer E. Bettinger was at all relevant times a peace officer employed by the Houston Police Department and acting under color of state law. He is sued in his individual capacity.

13. Defendant Officer C. Santana was at all relevant times a peace officer employed by the Houston Police Department and acting under color of state law. He is sued in his individual capacity.

14. Defendant City of Houston is a municipal entity organized under the laws of Texas and is responsible for the policies, customs, practices, training, supervision, investigation, and discipline of Houston Police Department personnel.

15. Defendants John Does 1–10 are persons presently unknown who were acting under color of state law and participated in, directed, approved, ratified, failed to stop, failed to document, failed to train for, or otherwise caused the constitutional violations alleged herein. Plaintiff will amend this Complaint to identify them when their identities are discovered.

## IV. FACTUAL ALLEGATIONS

### A. The Collision and Plaintiff's Condition

16. On or about January 12, 2025, Plaintiff had been in the Richmond/Hillcroft area of Houston.

17. Plaintiff was involved in a serious motor-vehicle collision near Richmond Avenue and Hillcroft Avenue.

18. The collision caused the airbags in Plaintiff's vehicle to deploy.

19. Plaintiff hit his head in the collision and was left dizzy, confused, and disoriented.

20. Plaintiff's vehicle was disabled after the collision and, upon information and belief, was smoking and/or in a condition that reasonably caused Plaintiff concern about additional danger, including fire risk.

21. Plaintiff possessed a handgun that had been located in or near the center-console or emergency-brake area of the vehicle.

22. Plaintiff did not fire that handgun before officers opened fire.

23. Plaintiff did not point that handgun at any civilian before officers opened fire.

24. Plaintiff did not threaten any officer before officers opened fire.

25. The crash scene was noisy and chaotic, including street noise, bystander noise, and a continuously sounding alarm from Plaintiff's vehicle.

**B. The Officers' Arrival and Immediate Escalation**

26. Defendants Bettinger and Santana arrived at the scene in a marked Houston Police Department vehicle.

27. Before making any meaningful effort to assess Plaintiff as a crash victim or determine whether he had heard or understood them, the officers approached in a tactical posture.

28. Within moments of arrival, one or both officers drew firearms.

29. At most, one or both officers shouted words to the effect of "put the gun down."

30. The command-to-shooting interval was only a matter of seconds.

31. Because of the blaring car alarm, collision aftermath, and Plaintiff's head injury and disorientation, Plaintiff did not hear, understand, or have a meaningful opportunity to comply with any such command before shots were fired.

32. Plaintiff did not know officers were behind him in time to respond meaningfully before the shooting.

33. Plaintiff did not raise the firearm toward the officers.

34. Plaintiff did not point the firearm at the officers.

35. Plaintiff's finger was not on the trigger when the officers opened fire, or at minimum the officers lacked an objectively reasonable basis to conclude Plaintiff was about to fire at them.

36. Plaintiff was moving away from the vehicle, turning away, or otherwise not advancing in an assaultive manner when shots were fired.

37. On information and belief, Plaintiff had his back or side turned when the first shots were fired.

38. Upon information and belief, Defendants Bettinger and Santana shot Plaintiff multiple times.

39. Defendant Bettinger fired multiple shots toward Plaintiff with the fifth shot traveling dangerously towards pedestrians.

40. Upon information and belief, Officer Santana fired multiple rounds at Plaintiff with the fourth round being fired after Plaintiff had already collapsed to the ground and was incapacitated.

**C. The Aftermath**

41. Upon information and belief, at least one Defendant discharged additional rounds after Plaintiff had already fallen and was incapacitated. Officers then continued shouting commands while Plaintiff lay disabled on the pavement.

42. One or more officers handcuffed Plaintiff while he was down and incapacitated.

43. Plaintiff's weapon was eventually recovered from the ground area near Plaintiff and placed into a patrol vehicle.

44. Plaintiff was transported for emergency medical treatment.

45. Upon information and belief, Plaintiff suffered significant physical injuries, including a laceration to his left hand, an abrasion to his right leg, and multiple gunshot wounds. The medical records document multiple gunshot wounds to the back and lower body, the precise number, trajectory, and permanency of which are still being evaluated through medical records and expert review.

46. Plaintiff has also suffered significant mental and emotional harm and is receiving counseling and treatment for post-incident psychological injuries, the full nature and extent of which are still being evaluated and documented.

47. Plaintiff has suffered further lost work, diminished earning capacity, medical expenses, and other economic and non-economic damages.

**D. Evidence and Matters in Defendants' Possession**

48. Plaintiff has obtained certain body-worn camera footage from officers on scene. Upon information and belief, additional body-camera footage exists that has not yet been produced, as well as helicopter and/or FLIR footage depicting the incident.

49. Plaintiff is in possession of limited information regarding the officers' accounts of the incident. Upon information and belief, detailed justifications for the use of force were

memorialized in Special Investigations Unit statements and related materials that have not yet been produced.

50. Upon information and belief, internal investigative materials, use-of-force reviews, training materials, communications, dispatch records, ballistics evidence, and other relevant materials remain in Defendants' possession and control.

51. Plaintiff has obtained certain medical records related to his injuries. Additional records, including complete medical documentation, and any related counseling or treatment records, are being obtained and will further detail the trajectory, nature, permanency, and consequences of the injuries caused by Defendants' conduct.

## V. CAUSES OF ACTION

### COUNT ONE – 42 U.S.C. § 1983 – FOURTH AMENDMENT EXCESSIVE FORCE

**(Against Defendants Bettinger and Santana)**

52. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

53. Defendants Bettinger and Santana were acting under color of state law.

54. Defendants seized Plaintiff through the use of deadly force.

55. Under the totality of the circumstances, the deadly force used against Plaintiff was objectively unreasonable and excessive.

56. At the time deadly force was used, Plaintiff was not actively attacking officers, not charging officers, not raising a firearm toward officers, and not presenting an immediate threat of serious bodily harm to officers or others that would justify the use of deadly force.

57. Plaintiff was a disoriented crash victim in a loud and chaotic environment and was not given a meaningful opportunity to comply with any command before shots were fired. At the time force was used, clearly established law prohibited the use of deadly force against a person who was not actively threatening officers, was not pointing a weapon at officers, and had not been given a meaningful opportunity to comply with commands, particularly where the individual was impaired, disoriented, or otherwise unable to perceive or respond to police commands.

58. Upon information and belief, Defendant Santana discharged his weapon at Plaintiff after Plaintiff had already collapsed to the ground and was incapacitated.

59. Any reasonable officer in Defendants' position would have known that immediately firing multiple rounds under these circumstances violated clearly established law.

60. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe bodily injury, pain, mental anguish, emotional distress, disfigurement, physical impairment, medical expense, lost wages, diminished earning capacity, and other damages.

## COUNT TWO – 42 U.S.C. § 1983 – FAILURE TO INTERVENE / BYSTANDER LIABILITY

**(Against Santana and/or Bettinger and/or John Does 1–10, in the alternative)**

61. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

62. To the extent either Defendant did not fire one or more of the rounds that struck Plaintiff, that Defendant nevertheless had a reasonable opportunity to prevent or mitigate the unconstitutional use of force but failed to do so.

63. To the extent additional officers or supervisors observed the unconstitutional use of deadly force or the unreasonable continuation of force and restraint after Plaintiff was

incapacitated, and had a realistic opportunity to intervene, those persons are liable as John Does pending identification through discovery.

**COUNT THREE – 42 U.S.C. § 1983 – UNREASONABLE POST-SHOOTING FORCE AND RESTRAINT**

**(Against Bettinger, Santana, and John Does 1–10, in the alternative)**

64. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

65. After Plaintiff was shot and incapacitated, Defendants continued to seize and restrain him.

66. To the extent Defendants used additional unnecessary force, rough handling, or unreasonable restraint against Plaintiff after he was incapacitated and no longer posed an immediate threat, such force was objectively unreasonable and unconstitutional.

67. Plaintiff pleads this claim in the alternative and reserves the right to amend with greater specificity after production of all body-camera footage, medical records, and investigative materials.

**COUNT FOUR – 42 U.S.C. § 1983 – MUNICIPAL LIABILITY**

**(Against Defendant City of Houston)**

68. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

69. The constitutional violations suffered by Plaintiff were caused by one or more official policies, widespread customs, practices, failures to train, failures to supervise, failures to discipline, ratification decisions, or deliberately indifferent omissions attributable to the City of Houston.

70. Upon information and belief, the City maintained customs, practices, or training failures in one or more of the following areas: (a) responding to armed but non-assaultive individuals; (b) assessing head injury, auditory impairment, crash disorientation, or other impairment before resorting to deadly force; (c) giving adequate warnings and time to comply where feasible; (d) using distance, cover, communication, containment, and de-escalation rather than immediate gunfire; (e) supervising, reviewing, and disciplining officers involved in shootings; and/or (f) ratifying unjustified shootings through inadequate review or investigation.

71. Upon information and belief, these municipal policies, customs, or deliberate-indifference failures were moving forces behind the violation of Plaintiff's constitutional rights.

72. Many of the facts necessary to plead municipal liability with greater specificity are uniquely within the City's possession, including training materials, prior-incident data, body-camera inventories, use-of-force review materials, disciplinary histories, policymaker communications, and ratification evidence.

73. Plaintiff therefore pleads this claim based on the facts presently available and reserves the right to amend after discovery.

## <u>COUNT FIVE – DECLARATORY RELIEF</u>

74. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

75. An actual controversy exists between the parties concerning whether Defendants' conduct violated Plaintiff's constitutional rights.

76. Plaintiff seeks a declaration that the conduct complained of herein violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## VI. DAMAGES

77. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer physical pain, mental anguish, emotional distress, disfigurement, physical impairment, medical expenses, counseling and mental-health expenses, lost wages, loss of earning capacity, and other compensatory damages in an amount to be determined by the jury.

78. Plaintiff also seeks punitive damages against the individual officer defendants because their conduct was reckless, callous, malicious, and in conscious disregard of Plaintiff's federally protected rights.

79. Plaintiff seeks attorneys' fees, litigation expenses, and costs under 42 U.S.C. § 1988 and other applicable law.

## VII. CONDITIONS PRECEDENT

80. All conditions precedent to Plaintiff's claims have occurred, have been performed, or have been excused.

## VIII. JURY DEMAND

81. Plaintiff demands a trial by jury on all issues triable by jury.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer, and that upon final trial Plaintiff recover the following relief:

a. Compensatory damages in an amount to be determined by the jury;

b. Punitive damages against the individual defendants;

c. Declaratory relief as requested herein;

d. Pre-judgment and post-judgment interest as allowed by law;

e. Attorneys' fees, expenses, and costs;

f. Leave to amend this Complaint as justice requires; and

g. Such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**KEITH B. FRENCH LAW, PLLC**

By: */s/ Keith B. French*
Keith B. French Law, PLLC
Texas Bar No. 24115073

2734 Sunrise Blvd, Suite 304
Pearland, TX 77584
kfrench@peoplefirstfirm.com
Tel: 832-243-6153
Fax: 877-314-1857

**COUNSEL FOR PLAINTIFF**