**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Savion Cartrell Dandre Brinson,** | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-04726** |
| | § | |
| **City of Houston, Officer E. Bettinger,** | § | |
| **Officer C. Santana, John Does 1-10,** | § | |
| ***Defendants*.** | § | |

**DEFENDANT OFFICERS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Officer E. Bettinger and Officer C. Santana ("Defendant Officers") file this Motion to Dismiss the Plaintiff's Amended Complaint [Doc. 15], pursuant to Fed. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief may be granted and on qualified immunity grounds, respectfully showing the following:

**Table of Authorities**

**Cases**

*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) 8
*Argueta v. Jaradi,* 86 F.4th 1084 (5th Cir. 2023) .......... 16
*Argueta v. Jaradi*, 86 F.4th 1084, 1093 (5th Cir. 2023). .......... 16
*Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020) .......... 10
*Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) .......... 8, 14, 19, 21
*Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481 (5th Cir. 2001) .......... 11
*Bazan v. Hidalgo County*, 246 F.3d 481, 487-88) (5th Cir. 2001) .......... 18
*Boyd v. Baeppler*, 215 F.3d 594, 601 (6th Cir. 2000) .......... 16
*Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) .......... 10
*Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004) .......... 11
*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) .......... 9
*Conn v. Gabbert*, 526 U.S. 286, 293 (1999) .......... 17
*Covington v. City of Madisonville*, 812 Fed. Appx. 219, 224 (5th Cir. 2020) .......... 9
*Dauterive v. Marcal, No. CV 22-3067,* 2025 WL 3628112 (E.D. La. Dec. 15, 2025) .......... 20
*Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278 (5th Cir. 1993) .......... 8
*Garcia v. Blevins*, 957 F.3d 596 (5th Cir. 2020) .......... 16
*Graham v. Connor*, 490 U.S. 386, 387, 396 (1989) .......... 13, 14
*Griffin v. City of Sugarland*, 787 Fed. Appx. 244 (5th Cir. 2019) .......... 9
*Jackson v. City of Hearne, Tex.*, 959 F.3d 194, 201 (5th Cir. 2020) .......... 9
*Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d at 343 .......... 19
*Kisela v. Hughes*, 584 U.S. 100 (2018) .......... 15
*Manis v. Lawson*, 585 F.3d at 843 .......... 14
*Montoute v. Carr*, 114 F.3d 181, 185 (11th Cir. 1997) .......... 16
*Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) .......... 10
*Mullenix v. Luna*, 577 U.S. 7 (2015) .......... 15, 16, 17
*O'Dwyer v. Nelson*, 310 F. App'x 741, 742 (5th Cir. 2009) .......... 17
*Poole on behalf of Brian Steven Poole Est. v. City of Shreveport*, 79 F.4th 455, 461 (5th Cir. 2023) .......... 13
*Ratliff v. Aransas Cnty.,* 948 F.3d 281, 287 (5th Cir. 2020) .......... 12
*Reyes v. Bridgwater*, 362 F. App'x 403, 409 .......... 19
*Rojero v. El Paso County*, 226 F.Supp.3d 768, 776-777 (W.D. Tex. Apr 28, 2016) .......... 9
*Saucier v. Katz*, 533 U.S. 194 (2001) .......... 10
Scott v. Harris, 550 U.S. 194 (2001) .......... 9
*Scott v. Harris*, 550 U.S. 372, 377-78 (2007) .......... 10
*Stallings v. CitiMortgage, Inc.* .......... 21
*Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) .......... 8
*Tennessee v. Garner*, 471 U.S. 1, 11 (1985) .......... 13, 18
*Tucker v. City of Shreveport*, 998 F.3d 165, 170 (5th Cir. 2021) .......... 18

*Washington ex rel. J.W. v. Katy Indep. School Dist.*, 390 F.Supp.3d 822, 838 (S.D. Tex. Jun 5, 2019) ........ 10
*Wilson v. City of Bastrop*, 26 F.4th 709, 715 (5th Cir. 2022) ........ 16
*Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013) ........ 10

**Statutes**

42 U.S.C.S. § 1983 ........ 17

## Table of Contents

Table of Authorities ........ 2
Table of Contents ........ 4
NATURE AND STAGE OF THE PROCEEDINGS ........ 5
A. Procedural Background ........ 5
B. Alleged Factual Background ........ 5
STATEMENT OF ISSUES ........ 7
Whether Defendant Officers are shielded by Qualified Immunity ........ 7
Whether the Plaintiff has plausibly alleged any constitutional violation to support a § 1983 claim against Officers Bettinger and Officer Santana ........ 7
SUMMARY OF THE ARGUMENT ........ 7
STANDARD OF REVIEW ........ 8
I. Motion to Dismiss under Rule 12(b)(6) ........ 8
II. Motion for the Court to consider the Officer's body worn camera videos ........ 8
III. Qualified Immunity ........ 9
SUMMARY OF THE ARGUMENT ........ 11
ARGUMENT AND AUTHORITIES ........ 12
I. Officer Bettinger and Officer Santana are entitled to Qualified Immunity on Plaintiff's Fourth Amendment Excessive-Force Claim ........ 12
II. Plaintiff has failed to plausibly allege any constitutional violation to support a § 1983 claim against Officers Bettinger and Officer Santana ........ 17
A. No Fourteenth Amendment violation ........ 17
B. No Fourth Amendment violation ........ 18
C. No Failure to Intervene / No Bystander Liability ........ 18
D. No unreasonable post-shooting force and restraint ........ 20
E. No Declaratory Relief ........ 21
CONCLUSION AND PRAYER ........ 22
CERTIFICATE OF CONFERENCE ........ 23

**NATURE AND STAGE OF THE PROCEEDINGS**

**A. Procedural Background**

1. Plaintiff brought this action on June 15, 2026, asserting claims under 42 U.S.C. § 1983 against the City of Houston, Officer E. Bettinger, Officer C. Santana and John Does 1-10. [Doc. 1] Plaintiff filed an Amended Complaint August 18, 2026. [Doc. 15] The City of Houston filed its motion to dismiss pursuant to Federal Rule 12(b) on September 1, 2026. [Doc. 15] The Defendant Officers now move to dismiss under Rule 12(b)(6) and on qualified immunity grounds.

**B. Alleged Factual Background**

2. Plaintiff brings this action on the Defendant Officers in their individual capacity under 42 U.S.C. § 1983. [Doc. 1 at ¶ 1]. These alleged violations arise from a vehicular crash, which eventually escalated to the shooting of the Plaintiff.

3. The following are drawn from the Complaint [Doc. 1] and are taken as true solely for purposes of this motion. Plaintiff alleges that on or about January 12, 2025, he was in the Richmond/Hillcroft area of Houston when he was involved in a serious motor-vehicle collision near Richmond Avenue and Hillcroft Avenue. [*Id*. at ¶¶ 16 and 17]. The collision caused the airbags in his vehicle to deploy [*Id*. at ¶ 18], and Plaintiff alleges that he hit his head and was left dizzy, confused, and disoriented. [*Id*. at ¶ 19]. Plaintiff alleges that he possessed a handgun that was in or near the center-console or emergency-brake area of the vehicle. [Id. at ¶ 21].

4. Plaintiff alleges that, within seconds of their approach, the officers drew their firearms, issued at most a brief shouted command in a chaotic environment, and opened

fire. [*Id*. at ¶ 3]. Plaintiff alleges that the command-to-shooting interval "was only a matter of seconds" [*Id*. at ¶ 30], and that, because of the alarm, the collision, and his head injury, he did not hear, understand, or have a meaningful opportunity to comply. [*Id*. at ¶ 31]. He further alleges that he was moving away from the vehicle, turning away, or otherwise not advancing in an assaultive manner when shots were fired. [*Id*. at ¶ 36].

5. Plaintiff alleges that both officers shot him multiple times [*Id*. at ¶ 38], and, upon information and belief, Officer Santana fired multiple rounds, the fourth after Plaintiff had already collapsed. [*Id*. at ¶ 40]. After the shooting, officers handcuffed Plaintiff while he was down and incapacitated [*Id*. at ¶ 42] and his weapon was recovered from the ground area near him and placed into a patrol vehicle. [*Id*. at ¶ 43].

6. The Defendant Officers dispute the accuracy of these facts and attach Exhibits 1 and 2. These exhibits are the Officers' body worn cameras ("BWC") which were activated and captured footage of the encounter. All recordings captured the arrival of the officers and the shooting and handcuffing of the Plaintiff.

7. Defendants' Exhibit #1 is Officer Bettinger's BWC. As the Defendants received dispatch, they were advised there was a male "with a gun" at the location [Exhibit #1-time mark 0:05- 0:08]. Upon arrival, they were warned by the bystanders "to be careful with this guy", "he has a gun on the seat, the passenger seat". [*Id*. time mark 1:07- 1:12]. As the officers approached Plaintiff's vehicle in the middle of the street, Plaintiff was sitting inside with one leg outside of the vehicle. Standing outside of Plaintiff's vehicle was a male and female. As the Officers approached, the male standing outside of the

vehicle rapidly walks away, however the woman continued to stand at the door pleading with the Plaintiff to exit the vehicle. [*Id*. time mark 1:16- 1:24]. Plaintiff exited his vehicle, with a gun in his right hand; despite the Officers' warning to put it down. Plaintiff closed his vehicle's door, and turned in the direction of the fleeing man, as he continued to hold the gun in his right hand. [*Id*. time mark 1:24-1:29],

8. Defendants' Exhibit #2 is Officer Santana's BWC. It depicts Plaintiff exiting his vehicle with the gun in his hand, as the officers were commanding him to "put the gun down". [Exhibit #2-time mark 1:28 -1:34]. Plaintiff exited with the gun in his hand, ignoring the command of the officers, turning to the direction of civilian bystanders, and officers discharged their weapon. [*Id*. time mark 1:29-1:36]. Plaintiff fell to the ground with his gun and right arm under him. [*Id*. time mark 2:09- 2:14]. Thereafter, Plaintiff was handcuffed and the Plaintiff's weapon was retrieved from under him. [*Id*. time mark 1:29-3:13]

## STATEMENT OF ISSUES

**Whether Defendant Officers are shielded by qualified immunity.**

**Whether the Plaintiff has plausibly alleged any constitutional violation to support a § 1983 claim against Officer Bettinger and Officer Santana.**

## SUMMARY OF THE ARGUMENT

9. The Complaint against the Defendant Officers should be dismissed. Plaintiff fails to plausibly allege that any of the officers were involved in any constitutional violation to support a § 1983 claim or overcome the Officers' qualified immunity. Plaintiff's claim cannot be asserted under the Fourteenth Amendment and must be analyzed under the Fourth

Amendment.

## STANDARD OF REVIEW

### I. Motion to Dismiss under Rule 12(b)(6)

10. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *Ashcroft*, 556 US at 678. A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 544. Dismissal is therefore appropriate if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (citation omitted). Conclusory allegations or legal conclusions masquerading as factual conclusions cannot prevent dismissal. *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)).

### II. Motion for the Court to consider the Officers' body worn camera videos

11. When a defendant attaches an exhibit to a motion to dismiss to which the plaintiff refers to in the complaint and is central to a plaintiff's claims, a reviewing court

can properly consider the exhibit. See *Covington v. City of Madisonville*, 812 Fed. Appx. 219, 224 (5th Cir. 2020). "In so [attaching the exhibit], the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Where a recording central to claims blatantly contradicts a plaintiff's allegation such that no reasonable jury could adopt that version of the facts, the court should construe the facts established by the recording. See *Scott v. Harris*, 550 U.S. 194 (2001); *Griffin v. City of Sugarland*, 787 Fed. Appx. 244 (5th Cir. 2019) (*per curiam*).

12. Defendants request that the court review the video of the officers' actions in the attached videos listed at Exhibits 1 and 2. The videos will establish that Plaintiff was unlawfully carrying a weapon endangering the public and refused to comply with the commands of multiple law enforcement officers. Plaintiff refused to drop his weapon when commanded and was seeking out other citizens on the street with the weapon in his hand.

## III. Qualified Immunity

13. "When considering a qualified immunity defense raised in the context of a Rule 12(b)(6) motion to dismiss, the Court must determine whether 'the plaintiff's pleadings assert facts, which if true, would overcome the defense of qualified immunity.'" *Rojero v. El Paso County*, 226 F.Supp.3d 768, 776-777 (W.D. Tex. Apr 28, 2016) (citation omitted); see also *Jackson v. City of Hearne, Tex.*, 959 F.3d 194, 201 (5th Cir. 2020). "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Arnold v.*

*Williams*, 979 F.3d 262, 267 (5th Cir. 2020) (citing *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)). The plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc) However conclusory allegations or unsubstantiated assertions will not defeat the qualified immunity defense. *Washington ex rel. J.W. v. Katy Indep. School Dist.*, 390 F.Supp.3d 822, 838 (S.D. Tex. Jun 5, 2019) (citation omitted).

14. Once a defendant has invoked the defense of qualified immunity, the plaintiff carries the burden of demonstrating its inapplicability. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). The threshold inquiry in resolving an issue of qualified immunity is whether, taking the facts in the light most favorable to the plaintiff, the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Scott v. Harris*, 550 U.S. 372, 377-78 (2007). Next, the Court considers whether the allegedly violated right is "clearly established" in that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 201. "Answering in the affirmative requires the court to be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013). "This requirement establishes a high bar." *Id.* When there is no controlling authority specifically prohibiting a defendant's conduct, the law is not clearly established for the purposes of defeating qualified immunity. *Id.* Officials "who reasonably but mistakenly commit a constitutional violation are

entitled to immunity." *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004) (quoting *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001)).

**SUMMARY OF THE ARGUMENT**

15. The Complaint defeats itself. It concedes that Plaintiff possessed a handgun at the scene and that the officers commanded him to put the gun down before firing, all within a matter of seconds in a chaotic, post-collision environment. Those admissions place this case within a settled body of law holding that an officer may use force against an armed suspect who does not give up his weapon, and that officers need not wait for such a suspect to turn and aim before protecting themselves. On the face of the Complaint, the force was objectively reasonable, and no constitutional violation is stated.

16. Qualified immunity independently bars the individual-capacity claims. Even if the Complaint stated a violation, Plaintiff cannot identify the particularized precedent required to overcome immunity; the Supreme Court and the Fifth Circuit have repeatedly granted immunity to officers who used deadly force against armed, non-complying suspects, and the only clearly established prohibition in this area protects the visibly unarmed — which Plaintiff, by his own allegations, was not. The Complaint's recital that "clearly established law" was violated is precisely the kind of high-generality assertion that cannot defeat immunity.

17. For these reasons, the Defendant Officers respectfully request that the Court dismiss Counts One, Two, Three, and Five as to them.

## ARGUMENT AND AUTHORITIES

### I. Officer Bettinger and Officer Santana are entitled to qualified immunity on Plaintiff's Fourth Amendment Excessive-Force Claim.

18. The Defendants, Officer Bettinger and Officer Santana, invoke the defense of qualified immunity. The Defendant Officers are government officials, who were actively working in their official capacity during the alleged violation. They are being sued in their individual capacities. Qualified immunity immunes them from liability for civil damages because the Defendant Officers' conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

#### A. The Complaint pleads no statutory or constitutional rights violation because deadly force against an armed, non-complying suspect was objectively reasonable.

19. As for the first prong of the qualified-immunity analysis-whether the Defendants violated a statutory or constitutional right - Plaintiff alleges the Defendants violated his Fourth Amendment rights by using excessive force. To prevail on an excessive force claim, Plaintiff must "establish (1) an injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Ratliff v. Aransas Cnty.,* 948 F.3d 281, 287 (5th Cir. 2020).

20. Count One of Plaintiff's Amended Complaint alleges that "under the totality of the circumstances, the deadly force used against [him] was objectively unreasonable and excessive. [Doc. 15 ¶ 92]. However, it fails as the Complaint's own allegations and the video recording show that the officers' use of force was objectively reasonable.

21. A Fourth Amendment excessive-force claim is measured by objective reasonableness, weighing the severity of the crime, whether the suspect posed an immediate threat to the officers or others, and whether he was actively resisting or fleeing. *Graham v. Connor*, 490 U.S. 386, 396 (1989). That reasonableness is judged from the perspective of a reasonable officer on the scene rather than with hindsight *Id.*, and it allows for the split-second judgments officers must make in tense, uncertain, and rapidly evolving circumstances. *Id*. at 386. The inquiry is objective, turning on the facts confronting the officer rather than his underlying intent. *Id.* at 387.

22. The immediate-threat factor controls where deadly force is used against an armed suspect. Deadly force does not violate the Fourth Amendment where the officer has probable cause to believe the suspect poses a threat of serious physical harm, and the Supreme Court has recognized that such force may be used, among other circumstances, where a suspect threatens the officer with a weapon. *Tennessee v. Garner*, 471 U.S. 1, 11 (1985). The Fifth Circuit applies that principle to hold that no constitutional violation occurs when an officer reasonably believes the suspect poses a threat of serious harm. *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009). Whether the suspect is armed is often the key factor in that assessment. *Poole on behalf of Brian Steven Poole Est. v. City of Shreveport*, 79 F.4th 455, 461 (5th Cir. 2023).

23. The Amended Complaint supplies the facts that make the officers' perception of a threat reasonable. Plaintiff alleges that he possessed a handgun located in or near the vehicle's center-console or emergency-brake area. [Doc. 15 ¶ 21]. He alleges that the officers commanded him to "put the gun down." [*Id.* at ¶ 29]. Although Plaintiff alleges he

lacked a meaningful opportunity to comply with that command [*Id*. at ¶ 31], the objective inquiry turns on the reasonably perceived threat, not on the subjective reasons for a suspect's non-compliance. *Graham v. Connor*, 490 U.S. at 387. An officer confronting a person who possesses a handgun and does not relinquish it in a chaotic, seconds-long encounter reasonably perceives a threat of serious harm. *Manis v. Lawson*, 585 F.3d at 843. Because the Fifth Circuit has not required officers to wait until a suspect turn toward them with a weapon in hand before acting to protect themselves, Plaintiff's allegation that he was moving or turning away does not make the force unreasonable.

24. Because the Complaint does not plead facts sufficient to state a plausible claim or to overcome immunity, Count One should be dismissed. *Ashcroft v. Iqbal*, 556 U.S. at 663.

**B. No clearly established law prohibited the use of force against an armed suspect who refused commands.**

25. Plaintiff failed to identify a case in which an officer acting under similar circumstances was held to have violated the Fourth Amendment, and without explaining why the case clearly prohibits the conduct of that individual officer.

26. As the Fifth Circuit characterized it, "the law must be so clearly established that—in the blink of an eye, in the middle of a high-speed chase—every reasonable officer would know it immediately." *Id.* Additionally, for a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* at 286 (emphasis omitted).

27. Plaintiff provides no such precedent that clearly establishes the violative nature of an officer shooting an armed suspect, who disregards their legal command to drop his weapon as he seeks/searches for an individual he was involved with a motor vehicle accident. It is clearly established that when no reasonable officer could conclude that a suspect poses an immediate threat to law enforcement or others, it is unreasonable to use deadly force to subdue a suspect who is complying with an officer's instructions. However, it is evident here that Plaintiff was not complying. Accordingly, this Court must dismiss this complaint as Plaintiff's allegations do not overcome Defendant Officers' qualified immunity. Plaintiff fails to plead the violation of any constitutional right to state a section 1983 claim.

28. Even if the Complaint pleaded a constitutional violation, the Defendant Officers are independently entitled to qualified immunity because no clearly established law prohibited the force alleged here. Clearly established law must be particularized rather than defined at a high level of generality, and the dispositive question is whether the violative nature of the officer's particular conduct was beyond debate. *Mullenix v. Luna*, 577 U.S. 7 (2015). Existing precedent must have placed the constitutional question beyond debate. *Id.* That specificity requirement is especially important in Fourth Amendment force cases, where it is often difficult for an officer to know how the standard applies to the situation confronted, and immunity accordingly protects all but the plainly incompetent or those who knowingly violate the law. *Kisela v. Hughes*, 584 U.S. 100 (2018).

29. The Supreme Court has repeatedly reversed denials of immunity that rested on the general deadly-force standard instead of particularized precedent. In *Mullenix*, the Court

rejected reliance on the general rule that an officer may not use deadly force against a fleeing felon who does not pose a sufficient threat, explaining that the general principle that deadly force requires a sufficient threat did not settle the question. *Mullenix v. Luna*, 577 U.S. 7.

30. Fifth Circuit precedent rejects Plaintiff's position on materially similar facts. The Court has held in that "officers need not wait until a fleeing suspect turns his weapon toward bystanders before using deadly force to protect them." See *Boyd v. Baeppler*, 215 F.3d 594, 601 (6th Cir. 2000) (deadly force justified when suspect fled with a pistol and disregarded police warnings to stop); *Montoute v. Carr*, 114 F.3d 181, 185 (11th Cir. 1997) (deadly force justified when suspect fled with a sawed-off shotgun and disregarded officer's command to stop).

31. In *Garcia v. Blevins*, the court granted immunity to an officer who shot an armed suspect who refused commands to drop his weapon, reasoning that officers need not wait for a suspect to turn toward them with a weapon in hand. *Garcia v. Blevins*, 957 F.3d 596 (5th Cir. 2020). In *Wilson v. City of Bastrop*, the court found no constitutional violation where the suspect was suspected of an armed confrontation, was fleeing, ran toward an officer in the presence of bystanders, was armed with a semiautomatic pistol, and refused commands to drop the weapon. *Wilson v. City of Bastrop*, 26 F.4th 709, 715 (5th Cir. 2022). In *Argueta v. Jaradi*, the court granted immunity for shooting a fleeing suspect who made a furtive gesture suggesting he was armed and held that a warning was immaterial on those facts. *Argueta v. Jaradi*, 86 F.4th 1084, 1093 (5th Cir. 2023). The only clearly established prohibition the Fifth Circuit has recognized in this setting is against shooting a suspect who is visibly unarmed, which does not apply because the Complaint alleges Plaintiff possessed a handgun. *Id.* at 1092;

[Doc. 1 at ¶ 21].

32. Additionally, Plaintiff's assertions offer only conclusory recitals. It asserts that clearly established law prohibited the use of deadly force and that any reasonable officer in Defendants' position would have known that immediately firing multiple rounds under these circumstances violated clearly established law. [Doc. 1 at ¶ 96]. Those are the high-generality assertions the Supreme Court has condemned, and they do not identify the particularized precedent the second prong demands. *Mullenix v. Luna*, 577 U.S. 7. Because no case placed the unlawfulness of the force used here beyond debate, Defendants Bettinger and Santana are entitled to qualified immunity on Counts One, Two, and Three. *Id.*

**II. Plaintiff has failed to plausibly allege any constitutional violation to support a § 1983 claim against Officers Bettinger and Officer Santana.**

33. To state a claim under 42 U.S.C.S. § 1983, a plaintiff must demonstrate first, a violation of the U.S. Constitution or of federal law; and second, that the violation was committed by someone acting under color of state law. *O'Dwyer v. Nelson*, 310 F. App'x 741, 742 (5th Cir. 2009). As previously discussed, the Plaintiff has failed to demonstrate a violation of the U.S. Constitution or of federal law, therefore his claim should be dismissed.

**A. No Fourteenth Amendment violation**

34. "[W]here a provision of the Constitution provides an explicit textual source of Constitutional protection, a court must assess a plaintiffs claim under that explicit provision and not due process." *Conn v. Gabbert*, 526 U.S. 286, 293 (1999). "For purposes of liability under 42 U.S.C. § 1983, excessive force claims arising from an arrest or investigatory stop invoke the protection provided by the Fourth Amendment of the United

States Constitution against unreasonable seizure." *Tucker v. City of Shreveport*, 998 F.3d 165, 170 (5th Cir. 2021).

35. Plaintiff alleges that the force used against him was deadly. Such a claim is not cognizable under the Fourteenth Amendment and must be brought under the Fourth Amendment. Therefore, any Fourteenth Amendment claim must be dismissed.

**B. No Fourth Amendment violation**

36. In Count One of his Amended Complaint, Plaintiff asserts a cause of action of violation of 42 U.S.C. § 1983 – FOURTH AMENDMENT EXCESSIVE FORCE against Defendants Bettinger and Santana. [Doc. 1 ¶¶ 89- 97].

37. Deadly force is a subcategory of excessive force and violates the Fourth Amendment "unless 'the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others.'" *Bazan v. Hidalgo County*, 246 F.3d 481, 487-88) (5th Cir. 2001) (quoting *Tennessee v. Garner*, 471 U.S. 1, 11 (1985).

38. As previously discussed, the Plaintiff's claim for violation of his Fourth Amendment rights failed. Applying the Fourth Amendment excessive-force claim to the objective reasonableness of the force use, weighing the severity of the crime, whether the suspect posed an immediate threat to the officers or others, and whether he was actively resisting or fleeing, clearly establishes that Plaintiff's fourth Amendment claim must be dismissed.

**C. No failure to intervene / no bystander liability**

39. Count Two of Plaintiff's complaint asserts a cause of action of violation of 42 U.S.C. § 1983 – FAILURE TO INTERVENE / BYSTANDER LIABILITY against

Defendant Santana and/or Bettinger [Doc. 1 ¶¶ 98-100]. In this claim Plaintiff pleads "to the extent either Defendant did not fire one or more of the rounds that struck Plaintiff, that Defendant nevertheless had a reasonable opportunity to prevent or mitigate the unconstitutional use of force but failed to do so." [*Id*. at ¶ 99].

*No Failure to Intervene*

40. Count Two's failure to intervene allegations fails to plead the reasonable-opportunity element of bystander liability. That element requires facts showing the officer had a reasonable opportunity to prevent the harm but chose not to act. *Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d at 343. Where a shooting is rapid and occurs without warning, the record may show no course of action another officer could have taken to prevent it. *Reyes v. Bridgwater*, 362 F. App'x 403, 409. To survive dismissal, the opportunity element must rest on concrete factual allegations rather than conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662.

41. The Complaint pleads no such facts. It alleges that the command-to-shooting interval "was only a matter of seconds," leaving no plausible window for one officer to perceive and stop the other's use of force. [Doc. 15 at ¶ 30]. The only allegation touching the opportunity element is the conditional, conclusory assertion that a defendant "had a reasonable opportunity to prevent or mitigate the unconstitutional use of force but failed to do so." [*Id*. at ¶ 100]. That bare recital does not satisfy the plausibility standard and Count Two should be dismissed. *Ashcroft v. Iqbal*, 556 U.S. at 663.

*No Bystander Liability*

42. Count Two, which pleads bystander liability in the alternative, fails for three independent reasons: qualified immunity bars it, it cannot survive without a plausible underlying violation, and the Complaint pleads no realistic opportunity to intervene.

43. The claim is incoherent as applied to the Defendant Officers. The Complaint elsewhere alleges that both Officers fired multiple rounds at Plaintiff [Doc. 15 at ¶¶ 38 and 40] yet Count Two seeks to hold them liable as a non-participating bystander who "did not fire one or more of the rounds that struck Plaintiff." [*Id*. at ¶ 99]. The underlying violation, moreover, is pleaded only in conclusory terms. Because the claim is wholly derivative and rests on conclusory allegations, Count Two should be dismissed as to the Defendant Officers.

**D. No unreasonable post-shooting force and restraint**

44. In Count Three, Plaintiff asserts a cause of action of violation of 42 U.S.C. § 1983 – UNREASONABLE POST-SHOOTING FORCE AND RESTRAINT against Defendants Santana and Bettinger [Doc. 1 ¶¶ 101-104]. Plaintiff pleads this claim in the alternative and reserves the right to amend with greater specificity after production of all body-camera footage, medical records, and investigative materials. [*Id*. at 67]

45. Count Three, is also plead in the alternative, challenging the force and restraint used after the shooting. Count Three fails because qualified immunity protects the immediate securing of an armed suspect and because the count rests on conditional, hypothetical pleading.

46. Additionally Count Three should be dismissed as it is pleaded entirely as a contingency and supplies no concrete facts. A plausible claim requires factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, and a claim framed only as a contingency does not allege that anything actually happened. *Ashcroft v. Iqbal*, 556 U.S. at 663. Threadbare, conclusory assertions do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662.

47. Count Three does not clear this bar. It alleges liability only "to the extent Defendants used additional unnecessary force, rough handling, or unreasonable restraint against Plaintiff after he was incapacitated and no longer posed an immediate threat[.]" [Doc. 15 at ¶ 103]. Plaintiff expressly pleads the count in the alternative and reserves the right to amend "with greater specificity after production of all body-camera footage, medical records, and investigative materials." [*Id*. at ¶ 104]. It identifies no specific post-incapacitation force attributable to Officer Santana; the only concrete post-shooting facts are that officers handcuffed Plaintiff while he was down [*Id*. at ¶ 42] and that the weapon was recovered from the ground. [*Id*. at ¶ 43]. A count that by its own terms awaits discovery to identify its factual basis does not state a plausible claim and should be dismissed. *Ashcroft v. Iqbal*, 556 U.S. at 663.

48. Based upon this, the Plaintiff's claim in Count Three must be dismissed.

**E. No Declaratory Relief**

49. Plaintiff's claim for declaratory relief suffers the same defect. The "viability of a party's request for declaratory relief is dependent on that party's ability to assert a viable substantive cause of action." *Id.* at 601–02. Thus, when a party's underlying causes of action fail as a matter of law, any claim for declaratory relief fails as well. See *Stallings v. CitiMortgage, Inc.*, 611 F. App'x 215, 217–18 (5th Cir. 2015). Here, Plaintiff has failed

to plead any facts against the Defendant Officers, and therefore Plaintiff's complaint should be dismissed. As a result, any claim for declaratory relief should also fail.

**CONCLUSION AND PRAYER**

For the reasons stated, Plaintiff has failed to state a claim upon which relief can be granted against Defendants Officer Bettinger and Officer Santana and further opportunities to amend would be futile. Therefore, Defendant Officers Bettinger and Santana, respectfully pray that the honorable Court grant this motion and dismiss with prejudice Plaintiff's claims against them and grant all other relief to which Defendants may be entitled.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Chief, Torts/Civil Rights

Date: October 5, 2026

By: */s/ Michelle C. Taylor*
ATTORNEY IN CHARGE
SBN: 24060889
FBN: 3773284
832.393.6428
Michelle.Taylor2@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6259 Facsimile

**Attorneys for Defendant Officers**

**CERTIFICATE OF CONFERENCE**

Defendants' counsel conferred with Plaintiff's counsel of record by email regarding the relief requested herein. Plaintiff opposes this motion.

*/s/ Michelle C. Taylor*
Michelle C. Taylor

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to all counsel of record.

*/s/ Michelle C. Taylor*
Michelle C. Taylor